UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 02 - 20 2 4 5 CR - SEITZ

CASE NO. _____

21 USC 952(a)
21 USC 841(a)(1)

MAGISTRATE JUDGE
GARBER

UNITED STATES OF AMERICA

v.

JOSEPH RAFAEL LEMUS CORNEJO
_____ /

FILED BY
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.
02 MAR 14 PM 1: 22

## INDICTMENT

The Grand Jury charges that:

## COUNT I

On or about March 3, 2002, at Miami International Airport, in Miami-Dade County,

in the Southern District of Florida and elsewhere, the defendant,

**JOSEPH RAFAEL LEMUS CORNEJO,**

did knowingly and intentionally import into the United States, from a place outside thereof,

a Schedule I controlled substance, that is, one hundred grams or more of a mixture and

substance containing a detectable amount of heroin; in violation of Title 21, United States

Code, Sections 952(a) and 960(b)(2).

## COUNT II

On or about March 3, 2002, at Miami International Airport, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

### JOSEPH RAFAEL LEMUS CORNEJO,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, one hundred grams or more of a mixture and substance containing a detectable amount of heroin; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

A TRUE BILL

_____
FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

CHARLES E. DUROSS
ASSISTANT UNITED STATES ATTORNEY

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

CASE NO. **02-20245** CR-SEITZ

v.

MAGISTRATE JUDGE

JOSEPH RAFAEL LEMUS CORNEJO

**CERTIFICATE OF TRIAL ATTORNEY***

GARBER

**Superseding Case Information:**

**Court Division:** (Select One)

New Defendant(s)         Yes ____   No ____
Number of New Defendants         ____
Total number of counts         ____

__x__  Miami   ____  Key West
____  FTL   ____  WPB ____  FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:         (Yes or No) __Yes_____
    List language and/or dialect     __Spanish_____

4.  This case will take __2__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

    | I   | 0 to 5 days     | __x__ | Petty   | ____ |
    |-----|-----------------|-------|---------|------|
    | II  | 6 to 10 days    | ____  | Minor   | ____ |
    | III | 11 to 20 days   | ____  | Misdem. | ____ |
    | IV  | 21 to 60 days   | ____  | Felony  | __x__ |
    | V   | 61 days and over | ____ |         |      |

6.  Has this case been previously filed in this District Court? (Yes or No) __No__
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter? (Yes or No) __Yes_____
    If yes:
    Magistrate Case No. __02-2349-GARBER_____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of __03/03/02_____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____   District of _____

    Is this a potential death penalty case? (Yes or No) ____No_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes __x_ No   If yes, was it pending in the Central Region? ___ Yes ___ No

8.  Did this case originate in the Narcotics Section, Miami __ Yes __x_ No

CHARLES E. DUROSS
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500618

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

02-20245 CR-SEITZ

Defendant Name: JOSEPH RAFAEL LEMUS CORNEJO   Case No. ─────── MAGISTRATE JUDGE
GARBER

| |
|---|
| Count #: I |
| 21 USC 952(a)/Importation of Heroin |
| *Max Penalty: 40 Years' Imprisonment |
| |
| Count #: II |
| 21 USC 841(a)(1)/Possession with the Intent to Distribute Heroin |
| *Max Penalty: 40 Years' Imprisonment |
| |
| Count #: |
| |
| *Max Penalty: |
| |
| Count #: |
| |
| *Max Penalty: |
| |
| Count #: |
| |
| *Max Penalty: |
| |
| Count #: |
| |
| *Max Penalty: |

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

No. _____

# 02-20245 CR-SEITZ

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ FLORIDA _____

_____ Division

## THE UNITED STATES OF AMERICA

vs.

JOSEPH RAFAEL LEMUS CORNEJO

## INDICTMENT

In violation of 21 USC 952(a)
21 USC 841(a)(1)

A true bill.

_____ Foreman

Filed in open court this _____

of _____ A.D. ( ( ( 2 ___ day,

FGJ 00-05 (MIA)

_____ Clerk

Bail: $ _____

MAGISTRATE JUDGE
GARBER

GRAND JURY INDICTMENT NO. 05-mcN-734

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  02-2349-GARBER

UNITED STATES OF AMERICA,
         Plaintiff,

vs.

JOSEPH LEMUS CORNEJO,
         Defendant.
_____/

**FILED by** _CH_ **D.C.**
MAG. SEC.
MAR 1 1 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## <u>ORDER ON DEFENDANT'S MOTION TO PRESERVE EVIDENCE</u>

THIS CAUSE is before the Court on the defendant's motion to preserve evidence. The Court being fully advised in the premises, it is

ORDERED AND ADJUDGED that the defendant's motion is hereby **GRANTED**.  The government shall preserve and shall immediately direct its agents to preserve all of the alleged contraband evidence in this case as well as any other personal property, documents or effects of the defendant seized at the time of his arrest.

DONE AND ORDERED at Miami, Florida this __11th__ day of __March__, 2002 .

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Joaquin Mendez, AFPD
      United States Attorney's Office

S:\MENDEZ\MagCourt\Lemus\Preserve.evi male.wpd



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-2349-Garber

UNITED STATES OF AMERICA

v.

JOSEPH RAFAEL LEMUS CORNEJO,

Defendant.



FILED by _____ D.C.
MAG. SEC.

MAR 0 8 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## DETENTION ORDER--RISK OF FLIGHT AND DANGER TO THE COMMUNITY

On March 8, 2002, a hearing was held pursuant to Title 18, United States Code, Section 3142(f) to determine whether the defendant should be detained prior to trial. Having considered the factors enumerated in Title 18, United States Code, Section 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required at all future court proceedings and the safety of the community if this defendant is released prior to trial. Therefore, it is hereby ordered that the defendant be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of Title 18, United States Code, Section 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.    The defendant is charged with importation of heroin and possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 952(a) and 841(a)(1). The defendant, thus, is charged with narcotics offenses for which a maximum sentence prescribed for each offense exceeds ten (10) years, resulting in a rebuttable presumption that no



condition or combination of conditions will reasonably assure the appearance of defendant at all further court proceedings if this defendant is released prior to trial. See 18 U.S.C. §§3142(e)-(g).

2. The weight of the evidence against the defendant is sufficient to support pretrial detention. on the grounds of risk of flight and danger to the community. See §3142(g)(2). Specifically, the defendant passed seventy (70) pellets of heroin from his intestinal tract after having arrived in the United States on a flight from Panama. The approximate weight of the seized heroin totaled 1.9 pounds. Following his arrest, the defendant stated he had been paid certain amounts prior to his flight to the United States and was to receive the balance of a total of $10,000 once he delivered the heroin in the United States.

3. The defendant is a citizen of Panama.

4. The Court hereby incorporates and makes part of this order the facts contained within the report of Pretrial Services.

5. The Court specifically finds that there are no conditions or combination of conditions which would reasonably assure the defendant's appearance or the safety of any other person or the community, as required under Title 18, United States Code, Section 3142(e).

6. Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a risk of flight and a danger to the community.

The Court hereby directs:

1. That the defendant be detained without bond in a facility separate, to the extent practicable, from persons awaiting sentence or serving sentences or being held in custody pending appeal.

2.      That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE AND ORDERED** at Miami, Florida this ___ day of March, 2002.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

cc:     Pretrial Services
        Marshal's Service
        Charles Duross, AUSA
        Joaquin Mendez, AFPD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 02-2349-GARBER

UNITED STATES OF AMERICA,
Plaintiff,

vs.

JOSEPH LEMUS CORNEJO,
Defendant.
_____:

## DEFENDANT'S MOTION TO PRESERVE EVIDENCE

The defendant through counsel and pursuant to Rule 16 of the Federal Rules of Criminal

Procedure, moves for an order directing the government to preserve and to immediately direct its

agents to preserve all of the alleged contraband evidence in this case in addition to all items of

personal clothing and effects that were in the actual or constructive possession of the defendant at

the time of his arrest.  In support of this motion, undersigned counsel represents as follows:

1.      The defendant has been charged with importation of and possession of with intent to

distribute illegal drugs.

2.      The defendant was arrested at Miami International Airport after disembarking from

an airplane which arrived from abroad.  Upon the defendant's arrest, all of his baggage and personal

property were seized and taken from him.

3.      It is necessary that all the alleged contraband in this case rather than just a

representative sample be preserved so that the defendant has the opportunity to have an independent

weighing of the contraband to confirm its exact weight.

4.      It is also necessary that all items that "were obtained from or belonged" to the

defendant be preserved to permit authorized discovery. *See* Federal Rule of Criminal Procedure 16 and the Standing Discovery Order. *See also United States v. Rodriguez,* 799 F.2d 649, 652 (11th Cir. 1986). Documents, packaging, suitcases and items of clothing seized from the defendant are material to the preparation of the defense as they may play an important role in uncovering admissible evidence, aiding in witness preparation or assisting in impeachment. *See United States v. Felt*, 491 F. Supp. 179 (D.D.C. 1979).

5.      Furthermore, preservation of all personal property in the defendant's possession at the time of his arrest and seized from or taken from him in connection with the charges against him is necessary to the defense as that personal property may well be evidence of his lack of specific intent to import and/or to distribute drugs.

WHEREFORE, the defendant respectfully requests this Court to enter an order directing the government to preserve and to immediately direct its agents to preserve all of the alleged contraband evidence in this case as well as any personal property, documents or effects that were in the defendant's actual or constructive possession at the time of his arrest.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Joaquin Mendez
Supervisory Assistant Federal Public Defender
Florida Bar No.0814652
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000, Ext. 147
(305) 536-4559, Fax

S:\MENDEZ\MagCourt\Lemus\Preserve.evi.male.wpd

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed  this 7th

day of March, 2002, to United States Attorney's Office, 99 Northeast 4th, 2reet, Miami, Florida

33132-2111.

Joaquin Mendez

S:\MENDEZ\MagCourt\Lemus\Preserve.evi.male.wpd

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Case No. 02-2349-GARBER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH LEMUS CORNEJO,
    Defendant.

_____/

## DEFENDANT'S INVOCATION OF RIGHTS
## TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and

to counsel with respect to any and all questioning or interrogation, regardless of the

subject matter, including, but not limited to: matters that may bear on or relate to

arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt

or innocence, forfeitures; or that may be relevant to sentencing, enhanced

punishments, factors applicable under the U.S. Sentencing Guidelines, restitution,

immigration status or consequences resulting from arrest or conviction; appeals or

other post-trial proceedings.

The defendant requests that the U.S. Attorney ensure that this invocation of

rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Joaquin Mendez
Supervisory Assistant Federal Public Defender
Florida Bar No.0814652
150 West Flagler Street,  Suite 170
Miami, Florida 33130-1556
Tel: (305) 530-7000
Fax No. (305) 536-4559

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this ⊤th day of March, 2002 to United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132.

_____
Joaquin Mendez

S:\MENDEZ\MagCourt\Invocation Motion.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 02-2349-GARBER

UNITED STATES OF AMERICA,

                   Plaintiff,

vs.

JOSEPH RAFAEL LEMUS CORNEJO          **ORDER**

                   Defendant.



_____

        Pursuant to the Bail Reform Act, a detention hearing was held
this date in accordance with 18 U.S.C. Section 3142(f).  At the
conclusion of the evidentiary hearing, the findings of fact and
conclusions of law required by the Act were dictated into the
record.  It is thereupon

        **ORDERED AND ADJUDGED** as follows:

        1.  The Defendant   above named                   shall be
detained pending trial in this case for the reasons stated on the
record by the Court.  The Court has found the defendant to be a
risk of flight and/or a danger to the community.

        2.  A final Order of Detention memorializing the dictated
findings and conclusions shall be entered forthwith.

        **DONE AND ORDERED** in Miami, Florida this 8TH         day of

 MARCH                   , 2002.


TAPE NO.2002-C 31-1817

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    BARRY L. GARBER

c: AUSA
   Defense Counsel (AFPD)
   Pretrial Services
   U.S. Marshal

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO _O2 - 2349 · Barber_

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language _SPANISH_
Tape No. _02C -19- 75_

v.

AUSA _D. Buckner_

FILED by ___ D.C.
DKTG

Agent _____

JOSEPH LEMUS _Conejo_

MR 6 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

Defendant.

DOB: 1-3-77        Reg# 68387-004

_____/

The above-named defendant having been arrested on ___3-3-02___ having appeared before the court for initial appearance on ___3-6-02___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code:_____ Telephone: _____
2. _AFPD - J. Mendez_ appointed as permanent counsel of record.
   Address: _____
   Zip Code:_____ Telephone: _____
3. The ~~defendant shall~~ attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am  3/20_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _Govt req_
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am  3/8_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

   other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

Page 1 of 2

JOSEPH LEMUS

__e. Maintain or begin an educational program.
__f. Avoid all contact with victims of or witnesses to the crimes charged.
__g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
__h. Comply with the following curfew: _____
__i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
__j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                    On Warrant _____
                    After Hearing _____

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___

_____
_____
_____

____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at Miami, Florida, this  6TH    day of  MARCH_____
2002 .

                                        _____
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **BARRY L. GARBER**

c: Assistant U.S. Attorney  D. Buckner
   Defendant
   Counsel— AFPD
   U.S. Marshal
   Pretrial Services/Probation

CASE NUMBER _02 - 2349 - Garber_

INTERPRETER REQUIRED IN CASE

FILED by _____ R.J. D.C.
DKTG

MAR   6 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

FOREIGN LANGUAGE _____ SPANISH _____

DEFENDANT(S) _ JOSEPH LEMUS _____

# UNITED STATES DISTRICT COURT
## Southern District of Florida

FILED by _RC_ D.C.
DKTG

MAR 6 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**
**Plaintiff**

Case Number: _02-2349-Garber_

**V.S.**

_Joseph Lemus_   68387-004
**Defendant**

**REPORT COMMENCING**
**CRIMINAL ACTION**

To Clerk's Office         (Miami)       Ft. Lauderdale       W. Palm Beach
U.S. District Court                      (circle one)

NOTE:     CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
COURT ABOVE.

---

All items are to be completed.  Information not applicable or unknown will be indicated as "NA"

(1)    Date and Time of Arrest: _03-03-02   1728hr_

(2)    Language Spoken: _Spanish_

(3)    Offense(s) Charged:  21 USC 952 – Unlawful Importation of Narcotics
                           21 USC 841 (a) (1) – Possession With Intent to Distribute Narcotics

(4)    U. S. Citizen        ( ) Yes      (X) No        ( ) Unknown

(5)    Date of Birth: _01-03-77_

(6)    Type of Charging Document:    (Check One)
       ( ) Indictment       (X) Complaint        ( ) To be filed/Already filed

       ( ) Bench Warrant for Failure to Appear        Case #: _____
       ( ) Probation Violation Warrant
       ( ) Parole Violation Warrant

       Originating District: _Southern District of Florida_
       COPY OF WARRANT LEFT WITH BOOKING OFFICER ( ) YES    ( ) NO

       Amount of Bond: $_____    Who set Bond: _____

(7)    Remarks: _____
(8)    Date: _____    Arresting Officer: **S/A Francis Wambst**

(9)    Agency: **U. S. CUSTOMS SERVICE**    **(305) 597-6000  SAIC/Miami**
       Comments:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. *02-2349-GARBER*

UNITED STATES OF AMERICA

vs.



FILED by _____ D.C.
DKTG

MAR   6 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JOSEPH RAFAEL LEMUS CORNEJO
_____/

### CRIMINAL COVER SHEET

1.   Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?   ____ Yes   _X__ No

2.   Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____Yes   _X__ No

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

BY: _____
        CHARLES E. DUROSS
        ASSISTANT UNITED STATES ATTORNEY
        Court No. A5500618
        99 N. E. 4th Street
        Miami, Florida   33132-2111
        TEL (305) 961-9358
        FAX (305) 530-7976

N:\vsimmons\Duty\complain.cov

AO 91 (Rev. 5/85) Criminal Complaint AUSA DU. ROSS

# United States District Court

_____ **SOUTHERN** _____ **DISTRICT OF** _____ **FLORIDA** _____

**UNITED STATES OF AMERICA**

**v.** **CRIMINAL COMPLAINT**

**JOSEPH RAFAEL LEMUS CORNEJO**

**CASE NUMBER:** 02-2349-GARBER

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about March 3, 2002, at Miami International Airport, Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant did knowingly and intentionally import into the United States from a place outside thereof a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent and that this complaint is based on the following facts:

On or about March 3, 2002, at approximately 5:28 p.m., the defendant, JOSEPH RAFAEL LEMUS CORNEJO, arrived at Miami International Airport aboard American Airlines Flight #958 from Panama City, Panama. After being admitted into the United States by the Immigration & Naturalization Service, the defendant presented himself and his luggage to the U.S. Customs Service for examination. During a secondary examination,  U.S. Customs Inspectors suspected the defendant to be an internal carrier of narcotics.  An x-ray taken of the defendant indicated several pellets distributed throughout his intestinal tract. Seventy (70) pellets were subsequently recovered from the defendant's body. A field test of the white powdery substance found in the pellets proved positive for the presence of heroin.  The estimated gross weight of the white powdery substance found inside the pellets was 1.90 pounds.

Signature of Complainant
**FRANCIS WAMBST, SPECIAL AGENT**
**UNITED STATES CUSTOMS SERVICE**
**MARCH 6, 2002**

Sworn to before me, and subscribed in my presence,

_____ March 6, 2002 _____      at _____ Miami, Florida _____
Date                                                                   City and State

**BARRY L. GARBER**
**UNITED STATES MAGISTRATE JUDGE**
Name and Title of Judicial Officer                    Signature of Judicial Officer